UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB BALABUSZKO | No. 21 CR 50056<br><br>Lisa A. Jensen<br>MAGISTRATE JUDGE |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be, subject to the restrictions provided in this order, used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. Furthermore, additional provisions of this Order provide for the application of and restrictions accompanying the designation by the government of some of the materials as "**Attorneys' Eyes Only**" (hereafter "Attorneys' Eyes Only Materials"). The materials without the "Attorneys' Eyes Only" designation are hereafter designated as "general discovery materials." In addition to being subject to the restrictions imposed upon the materials (which encompass both general discovery materials and Attorneys' Eyes Only Materials) as provided for in this order, the

Attorneys' Eyes Only Materials are subject to the heightened restrictions provided for in this order.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing the materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise

ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. In addition to the restrictions discussed above and applicable to the materials, some of the materials may also be designated by the United States as "Attorneys' Eyes Only." The materials designated as "Attorneys' Eyes Only" are subject to the restrictions applicable to all of the materials and to heightened restrictions in accordance with this order.

9. The United States shall plainly mark the Attorneys' Eyes Only Materials as "ATTORNEYS' EYES ONLY" prior to disclosure. If the Attorneys' Eyes

Only Materials are produced in electronic format, the United States shall segregate Attorneys' Eyes Only Materials from other discovery materials to the extent possible.

10. Neither the Attorneys' Eyes Only Materials nor the information contained therein may be disclosed by defendant's counsel directly or indirectly to the defendant. Attorneys' Eyes Only Materials may be disclosed to persons or entities employed to assist in the defense of the defendant, but defendant's counsel must provide such persons and entities a copy of this Order in advance of receipt of Attorneys' Eyes Only Materials and such persons and entities are subject to the restrictions of this Order placed upon the Attorneys' Eyes Only Materials and in the same manner as if they were defendant's counsel, excluding that they are not authorized to further disclose Attorneys' Eyes Only Materials. Disclosures by defendant's counsel of Attorneys' Eyes Only Materials beyond these are not authorized without prior notice to the government and authorization from the Court.

11. At least three business days before publicly filing any Attorneys' Eyes Only Materials or quoting from or summarizing the contents of the Attorneys' Eyes Only Materials in a public filing, the defense will provide notice to the assigned Assistant United States Attorney(s) to allow the United States to seek redactions of the materials or request that the materials be filed under seal. This provision does not prevent the defense from filing Attorneys' Eyes Only Materials under seal or quoting from or summarizing the contents of the Attorneys' Eyes Only Materials in a submission made under seal.

12. Defendant's counsel shall not copy or reproduce Attorneys' Eyes Only Materials except for use in connection with this case by defendant's counsel. Such copies and reproductions shall be treated in the same manner as the original materials.

13. Defendant's counsel shall not disclose any notes or records of any kind that they make in relation to the contents of the Attorneys' Eyes Only Materials, and such notes and records are to be treated in the same manner as the original materials.

14. Upon conclusion of all stages of this case, the Attorneys' Eyes Only Materials and all copies, notes, or records thereof shall be disposed of in accordance with paragraph 6 of this Order. The Court may require a certification as to the disposition of such Attorneys' Eyes Only Materials. In the event that the Attorneys' Eyes Only Materials are retained by defendant's counsel, the restrictions of this Order continue in effect for as long as the Attorneys' Eyes Only Materials are so maintained; the Attorneys' Eyes Only Materials must be clearly marked as such in counsel's files; and the Attorneys' Eyes Only Materials may not be disseminated or used in connection with any other matter without further order of the Court.

15. If the United States and defendant's counsel subsequently agree that all or a portion of certain Attorneys' Eyes Only Materials should be designated instead as general discovery materials, such agreement will be memorialized in writing, and the United States shall then reproduce the materials or portion of the materials at issue without "ATTORNEYS' EYES ONLY" markings.

16. To the extent any Attorneys' Eyes Only Materials are produced by the United States by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant's counsel and/or defendant shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

17. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except as set forth in paragraph 11 of this Order.

18. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
LISA A. JENSEN
MAGISTRATE JUDGE
United States District Court
Northern District of Illinois

Date: January 31, 2022