IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB BALABUSZKO | NO. 3:21-CR-50056<br><br>HONORABLE IAIN D. JOHNSTON |

## MEMORANDUM OPINION AND ORDER

Defendant Jacob Balabuszko moves to dismiss Count I of the indictment against him. Because the indictment is legally sufficient, the motion is denied.

## BACKGROUND

A criminal indictment charges Balabuszko with a violation of 18 U.S.C. § 115(a)(1)(B) for making certain statements in audio messages to the Signal group-chat of a chapter of the Boogaloo Bois. Balabuszko had previously been interviewed by two FBI agents because of his involvement with the group. Dkt. 86 at 2-4.

Section 115(a)(1)(B) criminalizes certain threats to federal law enforcement officers intended to hinder them in the performance of their duties or retaliate against them for earlier official acts.[1] Count I charges Balabuszko with threatening to assault and murder the agents for both purposes. The statements at issue are:

---

[1] The statutory language, in pertinent part, reads:

> Whoever threatens to assault [] or murder . . . a Federal law enforcement officer . . . with intent to impede, intimidate, or interfere with such . . . officer while engaged in the performance of official duties, or with intent to retaliate against such . . . officer on account of the performance of official duties, shall be punished as provided in subsection (b).

18 U.S.C. § 115(a)(1)(B).

1

- My name is Jacob Balabuszko, this is not a test. Agent [D.D.], Agent [G.H.], I will fuck both of you in your cute little butts. It's not even 'cause I actually think you're cute, it's just so that you can feel like less of men. Because you're not, go fuck yourselves, again, or maybe I will.
- Next time you two come to my house unannounced, I'm going to shoot you on sight, that is a threat.

Dkt. 50 at 1.

## ANALYSIS

Balabuszko has made what the Court construes as a motion under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), arguing that the indictment is legally insufficient. *See* Dkt. 74. Under that provision, a defendant may move against an indictment for its failure to "state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).

At least one circuit has held that an indictment's sufficiency may be contested under Rule 12 on the ground that the facts alleged "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Stock*, 728 F.3d 287, 293 (3d Cir. 2013) (finding that such an attack—on the grounds that the statements alleged to be threats were not within the scope of 18 U.S.C. § 875(c)—was an "appropriate, alternative way in which to challenge the sufficiency of an indictment") (cleaned up). Regardless of whether such a challenge is permissible, the motion still fails.

Balabuszko's only argument is that the statements cited in the indictment—which he concedes he made, Dkt. 74 at 2—do not expose him to liability under section 115(a)(1)(B) because (1) they were not delivered, and (2) were not intended to be delivered, to the officers, because they were made in a private (and encrypted) Signal groupchat.

2

His position that section 115(a)(1)B) liability requires one or both seems to have some merit. *See, e.g.*, *United States v. Rendelman*, 495 F. App'x 727, 732 (7th Cir. 2012) (stating that a section 115(a)(1) defendant "must have intended to communicate a threat to an official, but the communication can be through a third person and the threat need not actually reach the victim"); *United States v. Fenton*, 30 F. Supp. 2d 520, 530 (W.D. Pa. 1998) (granting a motion for a judgment of acquittal where neither section 115(a)(1)(B)'s actus reus nor mens rea elements was proven because the statements at issue were communicated only to an "unrelated third party" and because section 115(a)(1)(B) requires that the defendant "intend[]" that his threating statement be communicated to its object); *United States v. Hunt*, 573 F. Supp. 3d 779, 808 (E.D.N.Y. 2021) (finding that there is "some question" as to whether "intent to reach the target public officials" is required for section 115(a)(1)(B) liability). *But see United States v. Ivers*, 967 F.3d 709, 720 (8th Cir. 2020) (upholding a section 115(a)(1)(B) conviction even though the defendant "believed his communications . . . would remain confidential").

Even if this is the correct understanding of the statute, however, the indictment is still legally sufficient. It tracks the statutory language, such that it adequately sets forth the elements of the crime charged and puts the defendant on notice as to its nature so he can prepare a defense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). And the statements identified in the indictment do not fall facially outside of the scope of section 115(a)(1)(B), *see Stock*, 728 F.3d at 293; that is, liability for the

statements is not impossible under the statute, even on Balabuszko's reading of its requirements, but will depend on the Government's evidence.

Whether the statements at issue were actually delivered to the officers or were made with an intent that they be so delivered (assuming that such things are required for liability under the statute) are questions of fact that must be resolved at trial. *See United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) ("There is no criminal corollary to the civil summary judgment mechanism. In evaluating a Rule 12 motion to dismiss, a district court must accept as true the factual allegations set forth in the indictment.") (citations omitted).

*   *   *

The motion to dismiss Count I of the indictment is denied.

Date: April 26, 2024

_____
HONORABLE IAIN D. JOHNSTON
*United States District Judge*